**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK LEE MILLS, | |
| Plaintiff | CIVIL ACTION NO. 1:25-CV-01749 |
| v. | (MEHALCHICK, J.) |
| FELICIA SCHIAVONI, | |
| Defendant. | |

**MEMORANDUM**

Defendant Felicia Schiavoni moves to dismiss Plaintiff Derek Lee Mills's complaint for failure to state a viable claim for relief. (Doc. 21). Mills, a prisoner proceeding *pro se*, has filed motions requesting appointment of counsel (Doc. 20) and various forms of preliminary injunctive relief (Doc. 23, Doc. 24, Doc. 25, Doc. 27). For the foregoing reasons, both parties' motions will be denied, and the case will proceed to discovery.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

As relevant here, the operative complaint (Doc. 18) alleges that Schiavoni, an employee at SCI-Coal Township, "ordered [Mills] to follow her to a supply closet," where she allegedly "pressed her palm against" Mills's penis and "traced the outline of it" in a sexual manner. The complaint also alleges that Schiavoni "order[ed Mills] to attend her" in a supply closet and a walk-in refrigerator on multiple occasions between September and November 2023. *See* (Doc. 18 at 4-5). Upon screening of the complaint, Mills was permitted to proceed on an Eighth Amendment claim premised on the alleged sexual abuse. *See* (Doc. 19).

After screening, Mills moved for appointment of counsel (Doc. 20), Schiavoni moved to dismiss the complaint (Doc. 21), and Mills filed a series of letters and motions alleging that

he was assaulted by various officers at SCI-Frackville (Doc. 23, Doc. 24, Doc. 25) and that officers "threw away" all of his legal materials and prevented him from "report[ing] the assault to the State Police." (Doc. 27).

## II.     MOTION TO DISMISS

Turning first to Schiavoni's motion to dismiss, Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower*

2

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Here, Schiavoni argues that "all Mills alleges" is a single incident of "minor sexualized touching," and that the Court considered the incident as described in a prior complaint and "recognized that this 'does not rise to the level of an Eighth Amendment violation.'" This argument misconstrues the prior order, because the Court explicitly found that the incident in the supply closet "form[ed] the basis" of a plausible Eighth Amendment claim against Schiavoni. *See Ricks v. Shover*, 891 F.3d 468, 478 (3d Cir. 2018) ("[I]t goes without saying that

3

objectively serious sexual contact would include sexualized fondling [and] coerced sexual activity."). However, Mills' allegations that other defendants "witness[ed Schiavoni] daily acting in an inappropriate manner" and failed to intervene did not support viable claims against them, because the "inappropriate" behavior those defendants allegedly witnessed was not sufficiently serious to suggest a constitutional violation. *See* (Doc. 7, ¶ 6, n.1).

Moreover, Schiavoni's motion ignores the allegation that she repeatedly ordered Mills to "attend him" in the supply closet and a walk-in refrigerator. The word "attend" has several possible meanings, but in this context, it plausibly suggests additional sexual contact. *See https://www.merriam-webster.com/dictionary/attend* (the verb "attend," in the intransitive form, can mean "to go or stay with as a companion") (last visited January 6, 2026). Accepting Mills's allegations as true, as required at the pleading stage, the plausible inference of additional sexual contact further supports an Eighth Amendment claim. *See Ricks*, 891 F.3d at 477 ("a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents").

### III. PRELIMINARY INJUNCTIVE RELIEF

In his most recent filings, Mills alleges that he was assaulted on December 21, 2025, by prison officers who are not parties to this case in retaliation for his allegations of sexual assault, and requests that the Court "immediately order the seizure of all videos" of the alleged attack, that he be transferred to a different prison, and "that [his] injuries be treated."

To justify the "extraordinary remedy" of preliminary injunctive relief, a party must establish the following elements by "clear evidence": "(1) a likelihood of success on the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that

the public interest favors such relief." *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (citations omitted). Given the requirement of success on the merits of the underlying complaint, there must be a sufficient "relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quotation omitted).

Here, even assuming the various injuries Mills describes are sufficiently related to the complaint in this case, his allegations are unsupported by evidence. Mills is further advised that to pursue claims in federal court on the issues raised in these filings, he must exhaust administrative remedies by pursuing the prison grievance process to the extent it is available to him. *See* 42 U.S.C. § 1997e(a); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020).

Mills asks that the Court send him "a copy of [his] legal papers" because officers allegedly "threw away every scrap of paper" in his possession, including unspecified "legal work, discovery, [and] research." Generally, copies of filings may be requested from the Clerk at a cost of $0.10 per page, and a litigant's *in forma pauperis* status does not permit the Court to provide free copies. *See, e.g.*, *Caldwell v. Fogel*, No. 08-CV-728, 2008 WL 11636984, at *2 (W.D. Pa. Aug. 15, 2008). This allegation is also unsupported by evidence, and as with his other requests, Mills must exhaust available administrative remedies if he intends to assert any kind of claim based on the alleged disposal of his legal materials.

### IV. APPOINTMENT OF COUNSEL

Mills also requests appointment of counsel. Unlike in a criminal case, a prisoner has no constitutional or statutory right to appointed counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Under the *in forma pauperis* statute, however, a federal court may request that an attorney represent an indigent person on a *pro bono* basis. See 28 U.S.C.

§ 1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

A district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58. Appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming *arguendo* that Mills's Eighth Amendment claim premised on allegations of sexual assault has arguable merit[1], he has not shown an entitlement to counsel at this stage. He asserts that he is "unlettered in the law" and will need "help in collecting witness statements, video data and other items I may not retain simply because I am a prisoner." Discovery has not yet begun, and at this stage, there is no evidence that he will be denied access to any specific information to which he would be entitled. Although incarceration

---

[1] As previously noted, separate from the factual merit of Mills's claim, it may be subject to dismissal to the extent that this case would interfere with ongoing state criminal proceedings or invalidate the prior revocation of his parole. *See* (Doc. 19).

poses logistical challenges for any *pro se* litigant, the record does not show that this is a "special circumstance" in which Mills's incarceration leaves him unable to "present the facts and legal issues to the court." *Smith-Bey*, 741 F.2d at 26.

Although not discernible from the pleadings, it is possible that this case may require credibility determinations[2] or expert testimony. To the extent these details become apparent later in the litigation, the Court can reconsider appointment of counsel *sua sponte* or on a renewed motion by Mills. *See Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006). However, on the facts presented, he has not demonstrated the need for appointed counsel at this stage.

V. **CONCLUSION**

For the foregoing reasons, Schiavoni's motion to dismiss will be denied, and Mills's requests for appointment of counsel, preliminary injunctive relief, and the provision of free copies will be denied without prejudice. The case will proceed to discovery. An appropriate order follows.

Dated: January 15, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[2] It is apparent that the parties disagree about the events described in this complaint, but that does not mean that the case will be resolved by credibility determinations or that appointment of counsel is necessary at this stage. *See Parkell v. Danberg*, 833 F.3d 313, 341 (3d Cir. 2016) (issues of witness credibility "suggest[] a need for appointed counsel during trial," as opposed to an earlier stage "where credibility determinations are not made").

7