UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DEREK LEE MILLS,

                Plaintiff

      v.

FELICIA SCHIAVONI,

                Defendant.

CIVIL ACTION NO. 1:25-CV-01749

(MEHALCHICK, J.)

**ORDER**

Derek Lee Mills, a prisoner proceeding *pro se*, has filed a renewed request for appointment of counsel. (Doc. 42). A plaintiff has no constitutional or statutory right to appointed counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Under the *in forma pauperis* statute, however, a federal court may request that an attorney represent an indigent person on a *pro bono* basis. *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

Counsel should be appointed for an indigent litigant when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination is whether the case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Mills requests the appointment of counsel to assist him with discovery. Assuming *arguendo* that his Eighth Amendment claim premised on allegations of sexual assault has arguable merit, he has not shown a need for appointed counsel. He alleges that the defendant has "not [fulfilled] her obligation to provide requested documents," and that his requests for admissions have been "denied." However, counsel for the defendant has responded to these allegations in a letter filed on March 30, which indicates that responses to Mills's requests are forthcoming. *See* (Doc. 43, Doc. 44). Such disputes are routine in *pro se* litigation and do not suggest that Mills is unable to investigate or present his case. The fact that Mills is being deposed, although potentially challenging for a *pro se* litigant, is not itself a "special circumstance" that would justify appointment of counsel. *Smith-Bey*, 741 F.2d at 26; *see*, *e.g.*, *Pew v. Harris*, No. 3:12-CV-1984, 2017 WL 1329465, at *5 (M.D. Pa. Apr. 11, 2017).

Although Mills has yet to present evidence in support of his claims, it is possible that the case may require credibility determinations or expert testimony. To the extent these details become apparent later in the litigation, the Court can reconsider appointment of counsel *sua sponte* or on a renewed motion by Mills. *See Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006). However, on the facts presented, he has not demonstrated the need for appointed counsel at this stage.

Therefore, it is hereby ORDERED that Mills's request for appointment of counsel (Doc. 42) is DENIED without prejudice.

**Dated: April 1, 2026**                                    *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States District Judge**