**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DEREK LEE MILLS,

               Plaintiff

    v.

FELICIA SCHIAVONI,

               Defendant.

CIVIL ACTION NO. 1:25-CV-01749

(MEHALCHICK, J.)

## ORDER

Plaintiff Derek Lee Mills, a prisoner proceeding *pro se*, has filed two discovery motions. (Doc. 46, Doc. 48). Mills is advised that the undersigned's preference for discovery disputes is for the party seeking relief to send a letter describing the nature of the dispute, which the Court will attempt to resolve without a motion. Therefore, Mills's motions will be denied without prejudice; however, the Court will briefly address the arguments in the parties' filings.

**I.    LATE DISCOVERY RESPONSES**

First, Mills objects to defendant Felicia Schiavoni's failure to serve timely responses to his discovery requests. There are four sets of discovery requests at issue.[1] The first set, dated December 10, 2025, was directed to the Pennsylvania Department of Corrections, not Schiavoni herself, and Schiavoni argues that she was not obligated to respond. The parties should confer as to whether Mills would be entitled to obtain the requested documents from Schiavoni. If necessary, Mills may re-submit to Schiavoni the requests that were erroneously addressed to the Department of Corrections.

---

[1] A fifth set of requests, dated March 15, 2026, was received on March 23, 2026, and responses were timely mailed to Mills on April 10, 2026.

Mills's second set of requests, also dated December 10, 2025, was received by defense counsel on December 23, 2025. His third and fourth sets of requests, dated January 24, 2026, were received on February 12, 2026. Counsel addressed these three sets of requests on February 23, 2026, by mailing a letter to Mills stating in pertinent part: "I have reviewed your discovery requests in the above-referenced matter and am working on responses." (Doc. 50-1). Counsel ultimately mailed those responses on March 26, 2026, which was untimely. *See* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A) (a party must serve its answers and any objections to such requests within 30 days of service).

The Court acknowledges counsel's explanation that counsel was unable to prepare timely responses due to other obligations (Doc. 50 at 3, n. 3). Counsel states that his practice is not to "formally request" discovery extensions in *pro se* prisoner cases because mailing delays make it impractical to seek consent, and because such filings would "clutter" the docket. (Doc. 50 at 3, n. 2). While the Court encourages informal resolution of discovery issues, that presumes that the discovery respondent is making diligent efforts to communicate; it should not be misconstrued to entitle a respondent to an unspecified extension of their own choosing. At minimum, counsel should promptly notify the *pro se* prisoner so the prisoner knows the status of the requests and can object or take other appropriate action. In this case, almost the entire scheduled discovery period passed before Mills received any substantive response, with no meaningful explanation. While the relevant motion will be denied without prejudice, counsel is reminded to exercise appropriate diligence in completing discovery.

II.    VIDEO EVIDENCE

Next, Mills asks that the court compel production of video evidence. Schiavoni made a series of objections of Mills's requests for production of video, but it appears that those

objections are moot, because Schiavoni is "not able to recover any video footage" from the requested time periods (which cover various dates between September and November 2023). *See* (Doc. 47-7 through Doc. 47-10). Schiavoni has further clarified that "the requested footage is no longer available because the system stores footage only for a limited time period." (Doc. 50 at 5, n. 4).

Mills argues that the Department of Corrections "would have been legally obligat[ed] to preserve any and all video data from the kitchen area." However, Mills does not specify the basis for that alleged obligation. To the extent he believes that filing a prison grievance or internal complaint automatically requires the prison to preserve "any and all" related video, he is mistaken. *See*, *e.g.*, *Lombardo v. Flynn*, No. 4:11-CV-2220, 2017 WL 11716404, at *2 (M.D. Pa. Sept. 5, 2017) ("[I]nmates initiate many grievances which do not proceed to litigation. As such, requiring prison officials to preserve all evidence relating to all prisoner grievances would simply place too onerous a task on prison staff."). This principle is particularly salient because Mills asserts entitlement to more than a thousand hours of video from various locations at SCI-Coal Township, which amounts to a "fishing expedition" rather than a series of appropriately targeted requests.[2] Because Mills has not presented evidence demonstrating the alleged obligation to preserve any of this video, he is not entitled to relief.

## III.    DISPUTED OBJECTIONS

Finally, Mills has made a series of arguments addressing Schiavoni's various objections to his written discovery requests.

---

[2] *See*, *e.g.*, (Doc. 47-9) (requesting all "video data from 'the bakery'" between 12:00 p.m. and 8:00 p.m. for each day between November 1 and November 25, 2023).

Discovery is limited to matters that are "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Although Mills seeks to "question [Schiavoni's] over-all conduct" at the prison, that is not the subject of this litigation. Requests that are unrelated to the alleged sexual assault(s), such as inquiries about the defendant's physical appearance, are not within the scope of appropriate discovery. To the extent Mills is unclear why a specific matter was considered irrelevant, he may confer with counsel to explain the alleged relevance and counsel shall clarify the basis for the objection. *See, e.g., Breeden v. Reihart*, No. 1:21-CV-496, 2022 WL 493684, at *3 (M.D. Pa. Feb. 17, 2022) ("Boilerplate objections unsupported by specific arguments are not sufficient . . . to rebut the moving party's initial showing of relevance."). To the extent Schiavoni's objections are based on requests that she deems "undefined, vague, [or] ambiguous," and Mills is unhappy with the responses or documents produced, Mills should clarify the intended meaning of the relevant term(s).

If, after conferring with counsel, Mills believes he is entitled to additional responses or documents, he may file a letter with the Court that specifically explains the dispute.

## IV.    CONCLUSION

Accordingly, Mills's discovery motions (Doc. 46, Doc. 48) are DENIED without prejudice. The parties are DIRECTED to confer about any remaining discovery disputes as directed in this order.

**Dated: May 26, 2026**                                       *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States District Judge**

4